James M. Best, Conservator of Estate of Amanda Best, Plaintiff-Appellant, v. Melvin Best, Defendant-Appellee.

Term No. 53–O–12.

Opinion filed January 11, 1954. Released for publication February 4, 1954.

LISTEMAN & BANDY, of East St. Louis, for appellant.

POPE & DRIEMEYER, of East St. Louis, for appellee.

MR. JUSTICE BARDENS delivered the opinion of the court.

This action was originally instituted by Amanda Best against Kenneth Nation and Melvin Best to re-

cover damages sustained by her on May 14, 1950, when an automobile in which she was a guest collided with an automobile driven by Kenneth Nation. After the suit was filed, James Best was appointed conservator of Amanda Best and was substituted as plaintiff. Plaintiff gave to the defendant Kenneth Nation a covenant not to sue and suit was dismissed as to that defendant. The case proceeded to trial before a jury as to the defendant Melvin Best and the jury returned a verdict of not guilty and judgment was entered thereon. Plaintiff filed his motion for a new trial which was denied and this appeal follows.

The principal assignments of error are that the verdict was contrary to the manifest weight of the evidence; the trial court erred in refusing one of plaintiff's instructions and in admitting certain testimony.

About ten o'clock on the morning of May 14, 1950, Amanda Best was a guest in an automobile driven by her nephew, the defendant Melvin Best. She was seated on the right-hand side of the rear seat of the car. Next to her, in the middle of the rear seat, was Julia Best, mother of the defendant; and on the left-hand side was James Best. Seated next to Melvin Best, the driver, was his father, Edward Best. The weather was clear and the roadway was dry. Defendant's automobile was travelling north on the Mt. Auburn Road at a speed of 45 to 50 miles per hour. The Mt. Auburn Road at that point was straight and was surfaced with a concrete slab. Intersecting the Mt. Auburn Road from the west was an all-weather road known as the Edinburg Road. This road was also straight and was of oiled surface. A state stop sign situated about fifty feet west of the Mt. Auburn Road required eastbound traffic on the Edinburg Road to stop before entering the Mt. Auburn Road.

Kenneth Nation was driving a car easterly on the Edinburg Road and entered the Mt. Auburn Road with-

out making a stop. In entering the Mt. Auburn Road, Nation turned towards the left and his car and the Best car collided at the north edge of the intersection or slightly north of the intersection. Amanda Best received a blow on the head which resulted in very serious injury to her which will not be described because it is not material to the decision in this case.

The accounts of many of the facts leading up to the time of the collision and immediately prior thereto did not vary. It is the contention of the plaintiff that from the time the defendant's car was within five hundred feet of the intersection it became apparent that the Kenneth Nation automobile was going to enter the highway without stopping; that the defendant was charged with the duty of keeping a constant lookout; and that there can be no question that had he discharged that obligation he would have realized that the Nation automobile, proceeding at about the same rate of speed as his automobile, was not going to stop; that he was admonished of this fact and that in spite of the admonishment he failed to stop, slacken his speed, blow his horn, swerve his car, or take any action whatsoever to prevent the accident; and that, therefore, the manifest weight of the evidence showed that the defendant was guilty of wilful and wanton misconduct.

Two witnesses for the plaintiff, namely, William Ealey and his wife, Dorothy Ealey, were following defendant's car at a distance of from five hundred to six hundred feet. They testified they saw Kenneth Nation's automobile proceeding east on the Edinburg Road about the same distance from the intersection as the Best car; that neither car appeared to slacken its speed; that the Best car did not swerve; that they did not hear a horn sounded nor see a signal from the stop light on the Best car that would indicate that defendant slackened his speed. Kenneth Nation, for the plaintiff, testified he was driving east towards the

Mt. Auburn Road; that his windows were down and visibility was good; that he saw the Ealey truck which was behind the Best car but did not see the Best automobile; that he turned into the Mt. Auburn Road without stopping; and, when his automobile was half way across the black line, headed northeast, it was struck on its right side by the Best car. James Best testified that the Best automobile was travelling north at a speed of approximately fifty miles per hour; that when it got within about three hundred feet of the intersection he saw the Kenneth Nation car and said, "Watch, Melvin, I do not think he is going to stop"; and that the defendant replied, "Hell, I have got the right of way." He also testified Melvin did not sound a horn; did not slacken his speed until the collision occurred; and did not even put on his brakes until he was right at the other car. He also testified that the Nation automobile did not slow up or make any sign to indicate that he was going to stop for the stop sign.

On behalf of the defendant, three eyewitnesses testified. The witness Edward Best, testified that he was riding in the front seat of the Best car; that there was no conversation as described by the witness James Best; and that no one objected to the way in which the Best car was being operated; that the Best car was right at the intersection when the Nation car went by the stop sign. He also testified that defendant, Melvin Best, slowed down before the collision happened. His judgment was that he reduced his speed by twenty miles per hour. Julia Best, mother of the defendant, testified she was sitting in the middle of the back seat right next to James M. Best; that she did not hear James Best warn the driver at any time and did not hear the conversation testified to by him; and then stated, "There was nothing said like that." The witness James Kunz also testified for defendant. He was following the Nation car on the Edinburg Road and

was about three hundred feet to its rear, and when the Nation car was about six car lengths from the intersection it slowed down and took off again. The witness Julia Best was later recalled to the stand and testified that she had noticed the Nation car had slowed down and that the defendant blew his horn when the Nation car was not far away. The defendant was called to the stand and after testifying about his age and the place of his employment and that he served in the United States Army from September of 1950 until October 1952, the question of his competency as a witness was raised and the court sustained the objection and he did not testify further. Amanda Best was unable to testify because of her injuries received in the accident affecting her mental condition.

 Because of the contention that the verdict was against the manifest weight of the evidence, we have gone into some detail in reciting the evidence. It shows clearly that there was disputed testimony on certain material facts. This is especially true with regard to whether or not the warning conversation was had and whether or not it was apparent that the Nation car was not going to stop. The verdict, therefore, represented an evaluation of the credibility of witnesses. Considering only the plaintiff's theory of the case we cannot say that the verdict was contrary to the weight of evidence.

 The plaintiff-appellant tendered to the court the following instruction:

"The court instructs you that if you believe from a preponderance of the evidence that the defendant Melvin Best immediately before the collision mentioned in the evidence knew, or by the exercise of ordinary care should have known, that Kenneth Nations was going to drive his automobile onto the Mt. Auburn Road without making a stop before so doing, and with-

out permitting the automobile driven by Best to pass in front of him, and that collision between the two automobiles would thereby result, then the defendant Best was bound to exercise reasonable care in the operation of his automobile to avoid such collision, even though to do so required him to yield the right of way to the said Nation, or to attempt to stop his automobile upon said Mt. Auburn Road, without colliding with the automobile driven by said Nations."

The court refused to give this instruction and its refusal is assigned as error. Without passing upon the propriety of this instruction in an ordinary negligence case is it apparent that, as worded, it is not applicable to this case. The plaintiff was required to prove wilful and wanton misconduct and the instruction as drawn applies to a case of ordinary neglect. For this reason, there was no error in its refusal.

██ Plaintiff-appellant also argues that the defendant Melvin Best's testimony concerning his military service was prejudicial and therefore calls for reversal. An affidavit filed with the plaintiff's motion for new trial set out a conference between the lawyers and the trial judge out of the presence of the jury that was had prior to the defendant's taking the witness stand. In this conference plaintiff's attorney stated that he understood that the defendant was to be put on the stand and was to testify concerning his military service and that the attorney for plaintiff objected to such testimony; and that in this conference the court ruled that the defendant's attorney would be permitted to ask a question as to defendant's military service. This conference does not appear in the Transcript of Testimony or any place in the Report of Proceedings, except in this affidavit. Military service is now such a common experience that preliminary questioning of a

witness in this respect without attempt at elaboration is not prejudicial.

Plaintiff-appellant also complains of four of defendant's given instructions. We have read and considered these instructions and find no error therein.

Finding no reversible error in the proceedings below, it is our opinion that the judgment of the trial court should be affirmed.

*Judgment affirmed.*

SCHEINEMAN, P. J. and CULBERTSON, J., concur.